

# NUMBER 13-21-00113-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**YISEL RODRIGUEZ,** **Appellant,**

**v.**

**RAFAEL RODRIGUEZ &**
**WIFE NINFA RODRIGUEZ,** **Appellees.**

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# ORDER

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Order Per Curiam**

This is an interlocutory appeal of a temporary injunction in a trespass to try title case. The order on appeal, dated April 13, 2021, provides in relevant part that appellant Yisel Rodriguez and her family must vacate the subject property within forty-five days.

Appellant has filed a "Verified Motion for Emergency Relief" in which she asks this Court to stay the trial court's April 13, 2021 order pending resolution of the appeal. She argues that the trial court refused to hear testimony and evidence at the temporary injunction hearing and that, without a stay, she and her family will be irreparably harmed as they will become homeless if they are forced to vacate the property.

Pursuant to our request, appellees filed a response to appellant's motion. In their response, appellees note that the April 13, 2021 order also directs appellees to vacate the subject property.

Texas Rule of Appellate Procedure 29.3 provides:

> When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

TEX. R. APP. P. 29.3. Appellant's motion does not address whether supersedeas or another order made under Rule 24 would be adequate to protect her rights until disposition of the appeal. In this regard, we note that Rule 24 explicitly contemplates that enforcement of an order for the recovery of real property may be suspended by the filing of a supersedeas bond or deposit in lieu thereof. *See* TEX. R. APP. P. 24.1(f), 24.2(a)(2). Moreover, while an interlocutory appeal is pending, the trial court retains jurisdiction and may make further orders as authorized by statute. *See* TEX. R. APP. P. 29.5. In light of the above, we cannot conclude that supersedeas or another order made under Rule 24 would be inadequate to preserve appellant's rights.

Having reviewed appellant's motion, appellees' response, and the record, we conclude appellant has not shown herself entitled to the emergency relief sought.

Accordingly, appellant's "Verified Motion for Emergency Relief" is DENIED. The appeal will proceed in accordance with the briefing schedule for accelerated appeals. *See* TEX. R. APP. P. 38.6. Nothing herein shall be construed as restricting appellant's right to seek suspension of enforcement of the subject order according to Rule 24.

PER CURIAM

Delivered and filed on the
7th day of May, 2021.